UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHARON JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. ) | Case No. 1:15-cv-00138-NCC |

# MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Sharon Jackson (Plaintiff) for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 *et seq*. Plaintiff has filed a brief in support of the Complaint (Doc. 10), Defendant has filed a brief in support of the Answer (Doc. 13), and Plaintiff has filed a reply brief (Doc. 14). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 4).

## I. PROCEDURAL HISTORY

On May 29, 2012, Plaintiff filed her applications for DIB (Tr. 136-142). Plaintiff alleged a disability onset date of April 1, 2010 (Tr. 136). Plaintiff's application was denied, and she requested a hearing before an Administrative Law Judge (ALJ) (Tr. 75-79, 82-83). After a hearing, by decision dated February 12, 2014, the ALJ found Plaintiff not disabled (Tr. 7-21). On March 10, 2014, the Appeals Council denied Plaintiff's request for review (Tr. 1-6). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II. LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Id.* "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'" *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id.*

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity (RFC). *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that

she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Id. See also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox*, 495 F.3d at 617. Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004).

Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dep't of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980).

### III. DISCUSSION

The issue before the Court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. *See Onstead*, 962 F.2d at 804. The ALJ found that Plaintiff met the insured status through December 13, 2013; that she had not engaged in substantial gainful activity since April 1, 2010, her alleged onset date; that she had the severe impairments of degenerative disc disease of the low back, mild bilateral carpal tunnel syndrome, obesity and osteoarthrosis of both knees; and that she did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ found that Plaintiff had the RFC to perform light work with the following limitations: Plaintiff can only

occasionally kneel, crouch, crawl, and climb ramps and stairs; she should never climb ladders, ropes or scaffolds; she can frequently balance, stoop and perform all manipulative activities; and she should avoid all exposure to unprotected heights.

Plaintiff contends that the ALJ's decision is not based on substantial evidence because the ALJ failed to address Plaintiff's Raynaud's Phenomenon[1] or bilateral arthritis as severe impairments at step two or when assessing Plaintiff's limitations in the RFC; and the ALJ's credibility determination is not supported by substantial evidence. For the following reasons, the Court finds Plaintiff's arguments are without merit and the ALJ's decision is supported by substantial evidence.

**A. Severe Impairments: Raynaud's Phenomenon and Arthritis of the Bilateral Hands**

First, Plaintiff asserts that the ALJ erred by failing to properly consider Plaintiff's Raynaud's Phenomenon and arthritis of the bilateral hands at either step two of the sequential evaluation process or when assessing Plaintiff's limitations in the RFC (Doc. 10 at 8). As stated above, 20 C.F.R. § 404.1520, sets forth the five-step sequential evaluation process for determining whether a claimant is disabled within the Act's meaning. At step 2, the ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). A qualifying impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic

---

[1] According to the Mayo Clinic:

> Raynaud's (ray-NOHZ) disease[, also known as Raynaud's Phenomenon,] causes some areas of your body — such as your fingers and toes — to feel numb and cold in response to cold temperatures or stress. In Raynaud's disease, smaller arteries that supply blood to your skin narrow, limiting blood circulation to affected areas (vasospasm). …Treatment of Raynaud's disease depends on its severity and whether you have other health conditions.

Raynaud's disease, http://www.mayoclinic.org/diseases-conditions/raynauds-disease/basics/definition/con-20022916 (last visited May 11, 2016).

5

techniques." 20 C.F.R. § 404.1508.  Thus, an alleged qualifying impairment must be medically determinable.  *See id.*  The required medical evidence must be from an acceptable medical source, such as a licensed physician.  20 C.F.R. § 404.1513(a)(1)-(2) ("We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s)."; acceptable medical sources include licensed physicians).

In order for the impairment to be considered "severe," "the impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"  *Bowen v. Yuckert*, 482 U.S. 137, 153 n. 11 (1987) (quoting 20 CFR § 404.1520(c)).  "Basic work activities" encompass the abilities and aptitudes necessary to perform most jobs.  20 C.F.R. § 404.1521(b).  "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities."  *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).  In other words, if the impairment has only a minimal effect on the claimant's ability to work, then it is not severe.  *See Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).  A claimant has the burden of establishing a severe impairment.  *See Kirby*, 500 F.3d at 707.

The Court finds that Plaintiff failed to meet her burden to establish either Raynaud's Phenomenon or arthritis of the bilateral hands as severe impairments.  As a preliminary matter, the Court notes that Plaintiff did not allege a disability on the basis Raynaud's Phenomenon; Plaintiff's application listed her impairments as "1. back pain and arthritis, 2. back pain, 3. arthritis" (Tr. 157).  *See Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (an ALJ is not obliged to investigate claim not presented at time of application for benefits and not offered at hearing as basis for disability).  Additionally, although consultative examiner Dr. Chul Kim, in his November 11, 2013 report, diagnosed Plaintiff with "arthritis of bilateral hands" and

6

"Raynaud's Phenomenon" (Tr. 214), "[a] diagnosis alone is an insufficient basis for a finding that an impairment is severe" and no other records support this diagnosis or any associated work related limitations. *Trimble v. Astrue*, No. 08-3376-CV-GAFSSA, 2009 WL 3247311, at *2 (W.D. Mo. Oct. 6, 2009) (citing SSR 96-3p). The ALJ concluded that Plaintiff had the severe impairments of degenerative disc disease of the low back, mild bilateral carpal tunnel syndrome, obesity and osteoarthrosis of both knees (Tr. 12). The ALJ addressed Dr. Kim's November 2013 diagnosis of Raynaud's Phenomenon and arthritis of the bilateral hands in his RFC determination but gave Dr. Kim's opinion little weight (Tr. 16). In doing so, the ALJ credited the testimony of Dr. Lee Fischer. Dr. Fischer's testimony directly contradicted Dr. Kim's report. *See* 20 C.F.R. § 404.1527(e)(2)(iii). Specifically, when asked about Dr. Kim's diagnosis, Dr. Fischer responded:

> In fact [in the June 2012 consultative examination about] a year and a half earlier [Dr. Kim] did not find any problem with her hand. No evidence of Raynaud, no evidence of osteoarthritis. So, pretty amazing that in a year and a half somebody her age all of a sudden develops these problems. You would think she would have had them at the first consultative exam as well.

(Tr. 49). "The ALJ is charged with the responsibility of resolving conflicts among medical opinions." *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). In conclusion, the Court finds that Plaintiff failed to meet her burden to establish that Raynaud's Phenomenon or arthritis of the bilateral hands constitute severe impairments.

## B. Credibility

Next, Plaintiff asserts that while the ALJ provided reasons for his credibility analysis, his reasons are not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's credibility assessment inappropriately rests on objective findings. Plaintiff submits that the ALJ failed to consider all of the evidence because the record indicates findings that support Plaintiff's

7

allegations. Plaintiff further asserts that although the ALJ relied on Plaintiff's self-reported activities of daily living, Plaintiff's activities are not as robust as the ALJ suggests.

"The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). In assessing a claimant's credibility, the ALJ must consider: (1) the claimant's daily activities; (2) the duration, intensity, and frequency of pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; (5) any functional restrictions; (6) the claimant's work history; and (7) the absence of objective medical evidence to support the claimant's complaints. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). An ALJ need not methodically discuss each *Polaski* factor if the factors are acknowledged and examined prior to making a credibility determination. *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). "Although an ALJ may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them, the ALJ may find that these allegations are not credible if there are inconsistencies in the evidence as a whole." *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) (internal quotations omitted). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). *See also Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010); *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the Court finds that the reasons offered by the ALJ in support of his credibility determination are based on substantial evidence.

First, the ALJ considered Plaintiff's work history in assessing her credibility (Tr. 14). He noted that, upon review of Plaintiff's application materials and earning records, Plaintiff had a

good work history (*Id.*). *C.f. Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability."). However, the ALJ found that although Plaintiff's work history demonstrated a motivation to work, it did not overcome the medical evidence, which, he concluded, did not support the credibility of her allegations (*Id.*).

In this regard, the ALJ found the objective findings to be inconsistent with the Plaintiff's allegations (*Id.*). In doing so, the ALJ detailed Plaintiff's medical records and discussed a number of inconsistencies between these records and Plaintiff's subjective complaints (Tr. 14-15). For example, Plaintiff alleges disability based on back pain and arthritis which, she reports, affects her abilities to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, remember, complete tasks, concentrate, and use her hands (Tr. 14, 157, 179). However, the ALJ noted that while Plaintiff's obesity is a severe impairment that may impact her ability to ambulate, there had been no studies of Plaintiff's knees to support Plaintiff's allegations (Tr. 14). Furthermore, the ALJ found the report resulting from a consultative examination on June 20, 2012, to show that her physical examination was largely normal including normal handgrip and fine finger movements; stable gait, ability to bear full weight on her right and left legs, among other similar findings (Tr. 14; 207).

Second, the ALJ determined that Plaintiff's medical treatment was conservative in nature. Specifically, the ALJ concluded that Plaintiff's treatment included medication only; records did not indicate that additional testing would be required for her knee or back complaints; she did not have injections in her knees or her back; and she had not been referred to a hand surgeon, orthopedic surgeon, physiatrist, or physical therapist (Tr. 15). "An ALJ may consider a plaintiff's conservative course of treatment as indicative that his symptoms are not disabling.

9

*Walker v. Colvin*, 124 F. Supp. 3d 918, 934 (E.D. Mo. 2015) (citing *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001)).

Third, the ALJ noted that Plaintiff's treatment was limited to medication and observed that Plaintiff's symptoms were controlled by this medication (Tr. 15). Plaintiff is prescribed Tramadol, 50 mg every 4 hours as needed and Ambien, 10 mg at bedtime (Tr. 213, 240-251). However, Plaintiff also reported at her June 20, 2012 consultative exam taking only 2 Tylenol and resting for 45 to 60 minutes to relieve her pain (Tr. 205). "'If an impairment can be controlled by treatment or medication, it cannot be considered disabling.'" *See Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010)). Furthermore, the ALJ found, as supported by this Court's review of the medical records, that Plaintiff was not prescribed stronger pain medication or anti-inflammatories (Tr. 15).

Fourth, the ALJ considered the evidence and testimony of various medical experts. The ALJ reviewed the testimony of Dr. Lee Fischer from the February 2014 administrative hearing. *See* 20 C.F.R. § 404.1527(e)(2)(iii). During the hearing, Dr. Fischer identified Plaintiff's impairments as obesity, degenerative disc disease of the low back, carpal tunnel syndrome and osteoarthrosis in both knees but opined that Plaintiff did not meet or equal any listing (Tr. 16, 43-44). As noted by the ALJ, Dr. Fischer further opined that Plaintiff was limited to light work; could only occasionally kneel, crouch, crawl, climb ramps, and stairs; could never climb ladders, ropes or scaffolds; could frequently balance, stoop and perform all manipulative activities; and should avoid all exposure to unprotected heights (Tr. 16, 44).

The ALJ next considered the consultative reports of Dr. Kim dated June 20, 2012 and November 11, 2013 (Tr. 16, 203-223). Although Dr. Kim opined significant limitations

including that Plaintiff can lift/carry up to 10 pounds occasionally, sit for 10 minutes at a time for a total of 2 hours in an 8-hour work day, and walk and stand each for 10 minutes at a time for 3 hours in an 8-hour workday, the ALJ gave Dr. Kim's opinion little weight (Tr. 16). In doing so, the ALJ relied on the testimony of Dr. Fischer that Dr. Kim's restrictions were not consistent with the limitations reported to Dr. Kim or the findings in Dr. Kim's examination (Tr. 16, 47). *Finch*, 547 F.3d at 936. Specifically, the ALJ noted that Plaintiff reported to Dr. Kim "prominent finger joints and pain with squatting, but nothing more" (Tr. 16). Therefore, the ALJ found very little medical evidence supported the limitations opined by Dr. Kim (Tr. 16, 212, 214).

Fifth, the ALJ considered Plaintiff's reported activities of daily living finding her level of activity inconsistent with her alleged limitations. To the extent Plaintiff asserts that her activities are not as robust as the ALJ suggests because she receives assistance from her family with her activities of daily living, substantial evidence supports the contrary. As the record reflects, and the ALJ noted in his opinion, Plaintiff described a typical day to include checking e-mails, planning meals, preparing or obtaining the meals, doing household chores, and relaxing with her family (Tr. 16, 174, 176). The ALJ also indicated that Plaintiff reported shopping for groceries, paper goods and household items in smaller stores (Tr. 16, 177). Upon further review of Plaintiff's activities of daily living report, the Court finds that this additional evidence supports the ALJ's determination. Specifically, Plaintiff also reported the ability to handle personal financial matters, play cards and games, craft, attend children's events, and swim (Tr. 178). *Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (finding the ALJ did not err in discounting the plaintiff's credibility, where she reported that she could only stand for 15 minutes, sit for one to

two hours, and lift half gallon of milk, but she also reported she could perform housework, take care of child, cook, and drive).

Finally, to the extent Plaintiff identifies records that support Plaintiff's allegations, "[i]f substantial evidence supports the decision, then we may not reverse, even if inconsistent conclusions may be drawn from the evidence and even if we may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). The Court finds that the ALJ's credibility determination was properly based on the entire record and is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that substantial evidence on the record as a whole supports the Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

A separate judgment shall be entered incorporating this Memorandum and Order. Dated this 14th day of September, 2016.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
